Hon._____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROY RUFFINO,

    Plaintiff,

v.

CITY OF PUYALLUP, a Washington Municipal Corporation, KEVIN YAMAMOTO, in his individual capacity and in his official capacity as the City Manager of the City of Puyallup, DAVID McDONALD in his individual capacity and in his official capacity as Deputy Chief of Police, RYAN PORTMANN, in his individual capacity,

    Defendants,

NO.

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF

PLAINTIFF Roy Ruffino, through his attorney, Fred Diamondstone, alleges:

## I. INTRODUCTORY STATEMENT

1.1    This lawsuit is brought by Plaintiff Ruffino for money damages and to obtain an order directing the City to permit protected speech activity, including the gathering of initiative signatures from members of the public and for other injunctive relief, so that he and others may engage in state and federal constitutionally protected activity on the sidewalks of

COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF – P. 1 of 10

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave., Suite 1000
Seattle, WA 98101
(206) 568-0082
(206) 568-1683 FAX

1 the City of Puyallup, near the major entrances to the Washington State Fairgrounds. Plaintiff
2 Ruffino has regularly and frequently circulated initiative petitions and sought and obtained
3 signatures throughout the State of Washington.  He has recently been prevented from
4 engaging in this activity due to unconstitutional and overbroad regulations issued by the City
5 of Puyallup and its City Manager and enforced by Puyallup Police, including Defendants
6 McDonald and Portmann.

7 The Washington State Fairgrounds in Puyallup hosts multiple events through the
8 course of the year, some of which draw thousands and tens of thousands of attendees, per
9 day.

10 City sidewalks are quintessential public forums that have been recognized as free
11 speech areas under the Washington and federal constitutions, for time immemorial.  The
12 Washington Constitution and the U.S. Constitution indisputably protect the right of the
13 people to gather signatures on initiatives and to petition for redress of grievances.  "The first
14 power reserve by the people [of the State of Washington] is the initiative."  Wash. Const.
15 Article II, § 1 (Amend. 7).

16 Plaintiff has been denied his exercise of his free speech and initiative rights by the
17 City Manager's Order (Exhibit 1 to this Complaint).  That order, as enforce by the Puyallup
18 Police, bars constitutionally protected activity along the sidewalks on all sides of the street
19 adjacent to and across from the two principal entrances to the Washington State Fairgrounds
20 in Puyallup.  The order is overbroad and it is not narrowly tailored in time, place or manner
21 restrictions to achieve any important or compelling public safety or other state interest.

**II. PARTIES**

2.1   <u>Plaintiff</u>.  Roy Ruffino is a citizen of the State of Washington.

2.2   <u>Defendant</u>.  The City of Puyallup is a municipal corporation organized under the laws of the State of Washington.

COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF – P. 2 of 10

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave., Suite 1000
Seattle, WA 98101
(206) 568-0082
(206) 568-1683 FAX

2.3     Defendant.  Kevin Yamamoto is the City Manager of the City of Puyallup. He is sued in his individual and official capacities.

2.4     Defendant.  David McDonald is the Deputy Chief of Police of the City of Puyallup. He is sued in his individual and official capacities.

2.5     Defendant.   Ryan Portmann is a Puyallup Police Captain.   He is sued in his individual capacity.

### III. JURISDICTION AND VENUE

3.1     Jurisdiction.  This court has personal and subject matter jurisdiction. 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction of state law claims under 28 U.S.C. § 1367.

3.2     Venue.  Venue is in the Western District of Washington, at Tacoma.

### IV. FACTS

4.1.1    Events of April 19, 2018.  Plaintiff was on the city sidewalk adjacent to "Blue" entrance to the Washington State fairgrounds on Thursday April 19, 2018, the first day of the four-day Washington State Spring Fair.  Plaintiff was one of "two signature gatherers that were engaging pedestrians on the City sidewalk within the Pedestrian Safety Zone," as stated in Defendant McDonald's police report.  They were collecting signatures for I-976 ($30 license tabs) and I-1608 (Government Transparency). According to Defendant Portmann's report:

> The subjects were obvious "signature gathers" attempting to get individuals to sign various initiatives. The subjects were positioned in such a manner as to contact people as they crossed the street via the sidewalk. Crowds were light to medium at the time of our observation. While watching the subjects, I observed at least one subject sign a petition right at the crosswalk as others were standing around.
>      After observing the subjects' activity, Deputy Chief McDonald and I contacted the subjects, one of which I believe was Ruffino, and explained the purpose of the Pedestrian Safety Zones and provided them with a copy of the Executive Order. The subjects were advised that if they did not cease and desist they could be arrested for violating the order. The subject, who I believe was Ruffino, debated the legality of the order with Deputy Chief McDonald and myself for a few minutes before vacating the zone.

COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF – P. 3 of 10

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave., Suite 1000
Seattle, WA 98101
(206) 568-0082
(206) 568-1683 FAX

Deputy Chief McDonald and I cleared the area following the subject departure from the zone.

4.1.2   Events of April 19, 2018.  Neither Defendants McDonald nor Portmann sought to apply the Executive Order to merely limit Plaintiff Ruffino's and the other signature gather's activity and direct them to avoid actually obstructing or blocking pedestrians, or to avoid forcing pedestrians out into the street.

4.1.3   Events of April 19, 2018.  Instead, Defendants Portmann and McDonald applied the Executive Order to completely bar signature gathering and other constitutionally protected activity along a 121-foot stretch of public sidewalk, adjacent to a large, privately owned plaza (owned by the Fair).

4.1.4   Events of April 19, 2018.  Plaintiff Ruffino and the other signature gatherer avoided entering the Fair's adjacent plaza, which they understood to be private property.

4.1.5   Events of April 19, 2018.  Pedestrians who did not choose to speak with the signature gatherers or to sign the petitions could easily and readily walk past them, onto the privately-owned plaza, and continue into the fairgrounds. Neither Plaintiff nor the other signature gatherer were obstructing, blocking, hindering, delaying or impeding pedestrian traffic.

4.1.6   Events of April 19, 2018.  Defendant Portmann provided a copy of the Executive Order to Plaintiff Ruffino.

4.1.7   Events of April 19, 2018.  Plaintiff asked Defendant Capt. Portmann whether he would be arrested if he continued to gather signatures along the public sidewalk adjacent to the Fair's plaza and Defendant Portman responded:

> If you continue to gather signatures and stay within this zone, yes, you may be arrested for trespass.
>
> … You may be arrested for trespass, pedestrian interference …
>
> RUFFINO: Pedestrian interference? How am I possibly pedestrian interfering with anyone here?

COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF – P.  4 of 10

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave., Suite 1000
Seattle, WA 98101
(206) 568-0082
(206) 568-1683 FAX


1  　　　　PORTMANN: I am done debating. You have that. I would encourage you to read that.

2  　　　　RUFFINO: Yeah.

3  　　　　PORTMANN: Right. And then I would encourage you to vacate this area.

4  　　　　RUFFINO: Okay. Yeah, I will.

5  　　　　PORTMANN: Thank you.

6

7  https://youtu.be/2_ygWCBxqRI  at 1:30 – 2:00.

　　　　4.2.1   <u>City Policy</u>.  For years, at least as far back as 2011, the City Manager for the City of Puyallup (Defendant Yamamoto since 2015 - or earlier) has issued a series of Executive Orders that establish pedestrian safety zones and that bar activity that hinders, hampers, slows or delays pedestrian traffic, *inter alia*.  While nothing in that Executive Order, on its face, bars constitutionally protected free speech or initiative activity, the City of Puyallup applies and enforces the Executive Order in an unreasonable and overbroad manner to bar all constitutionally protected activity both at – and across the street from – the two principal entrances to the Washington Fairgrounds, during the 17 to 22-day annual state fair in the late summer and during the four-day spring fair.  A copy of the City Manager's Executive Order from 2018 is attached as **Exhibit 1** and incorporated by this reference.  Copies of similar policies, from 2011, 2015, 2016, and 2017 are attached as **Exhibits 2, 3, 4, 5 and 6** and incorporated by this reference.

　　　　4.2.2   <u>City Policy, As Applied</u>.  An aerial photo of the areas in question, showing the 121-foot length of sidewalk on the Blue entrance side of the street and a nearly as lengthy stretch of sidewalk on the parking lot side of the street is attached as **Exhibit 7** and incorporated by this reference. An aerial photo that shows the four corners and sidewalk near the Gold entrance where free speech and initiative signature gathering is barred is attached as **Exhibit 8** and incorporated by this reference**.**

COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF –  P.  5 of 10

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave., Suite 1000
Seattle, WA 98101
(206) 568-0082
(206) 568-1683 FAX

4.2.3   <u>City Policy; Police Department Participation in Crafting the City Policy</u>.  On information and belief, Plaintiff alleges that Captain Portmann, Deputy Chief McDonald and/or other high-ranking police officials participated in developing this overbroad and/or unreasonably extensive municipal policy to establish the total ban on speech and initiative activity in these areas near – and across the street from - both principal entrances to the fairgrounds.  *See* Captain Portmann's remarks available on line at https://youtu.be/2_ygWCBxqRI, at 0:00 to 0:43:

> What we've done, sir, is we have created this zone. Again, the cities can place restrictions – time, place, manner restrictions – on free speech,
>
> RUFFINO:  On the sidewalk? On a public sidewalk?
>
> PORTMANN:  Yes, we can, And this order right here, is an executive order. I'll give you a copy of it.  Basically, though, it prohibits you from doing this kind of activity.  …And, so it prohibits this type of activities in these areas, or safety zones.

4.3   <u>Excessive Nature of the Ban on Free Speech and Initiative Activity</u>.  The City's policy, as written and/or as applied substantially burdens constitutionally protected speech, petitioning and initiative activity more substantially than is necessary to further legitimate governmental interests in pedestrian and traffic safety.  Pedestrians have ample room in the pedestrian plazas that abut the city sidewalks near the Blue and Gold entrances.  On April 19, 2018, Defendant Portmann did not observe anything other than light to medium crowds; his report suggests no pedestrian interference or delays.  Defendant McDonald's report implies that some delay occurred, though it does not state whether fairgoers were able to simply or easily step around the signature gatherers:

> This activity was clearly delaying and impeding the Fairgoers that were crossing S. Meridian in the crosswalk from the Blue Gate. Groups of pedestrians were crossing the street in intervals controlled by the crossing signal. The signature gatherers stood blocking the ramp up to the West sidewalk, engaging the pedestrians that were trying to get off the roadway. This is a safety issue as the light for southbound traffic changes to green, causing the heavy motor vehicle traffic to proceed toward the crosswalk.

COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF –  P.  6 of 10

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave., Suite 1000
Seattle, WA 98101
(206) 568-0082
(206) 568-1683 FAX

1  Neither of the reports say anything about warning Plaintiff Ruffino or the other individual to
2  locate themselves a short distance from the cross-walk, or to otherwise be careful to allow
3  pedestrians to walk by, without being impeded.  Instead, the police reports by Defendants
4  Captain Portmann and Deputy Chief McDonald, attached as **Exhibits 9 and 10** and
5  incorporated by this reference, make clear that Defendants Captain Portmann and Deputy
6  Chief of Police McDonald understood and applied the Executive Order to completely bar
7  constitutionally protected activity across the entire marked area. *See* Captain Portmann's
8  remarks available on line at https://youtu.be/2_ygWCBxqRI , at 0:00 to 0:59. That area was
9  121 feet in length on along the pedestrian plaza between the city sidewalk and the Blue
10 entrance.  This is well in excess of the 35-foot zone that the United States Supreme Court
11 declared to be unconstitutional as an unreasonable time, place and manner restriction in the
12 2014 decision in *McCullen v. Coakley*, ____ U.S. ____, 134 S. Ct. 2518.

13       4.4     Violation of Rights.  The actions and omissions by these Defendants has
14 proximately caused the denial of Plaintiff's rights to freedom of speech, freedom to petition
15 for redress of grievances and his initiative rights under the Washington and federal
16 constitutions, U.S. Const. Amend. 1 and Washington Constitution, Article. I, §§ 1, 4 and 5,
17 and Article II, § 1 (as amended by Amend. 7).  The individual defendants have acted
18 intentionally and with deliberate indifference to Plaintiff's rights. Plaintiff is entitled to
19 declaratory, equitable and injunctive relief regardless of state of mind.

20       4.5     Damages.  Plaintiff Ruffino's free speech and initiative signature gathering
21 rights were denied for the balance of the first day of the Washington Spring Fair and the
22 remaining three days of the fair.  As a paid signature gatherer, he lost income, in addition to
23 the loss of his rights to materially support the initiatives for which he was gathering
24 signatures, I-976 ($30 license tabs) and I-1608 (Government Transparency).

25       4.6     Necessity for Injunctive and Declaratory Relief.  On information and belief,
26 based on the City's history, Plaintiff expects that the City of Puyallup will once again

COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF – P. 7 of 10

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave., Suite 1000
Seattle, WA 98101
(206) 568-0082
(206) 568-1683 FAX

promulgate a similar ban on his and his colleagues' right to gather signatures at the 2018 Washington State Fair, scheduled for August 31 - September 23, 2018 (Closed Tuesdays & 9/5). He is entitled to declaratory, equitable and injunctive relief.

## V. CAUSES OF ACTION

5.1   <u>Declaratory Relief</u>.  Based on the above allegations, this Court should issue declaratory relief regarding the unreasonable and/or overbroad restrictions and prevent the City of Puyallup and its agents, including Defendants Yamamoto, McDonald and Portmann from limiting free speech and initiative activity on the sidewalks, in violation of the First Amendment, outside a narrowly described zone immediately near cross walks, of not more than 6 to 10 feet.

5.2   <u>Injunction</u>.  Based on the above allegations, the Court should (a) enjoin Defendants Puyallup, Yamamoto and McDonald and their subordinates from proceeding to limit free speech and initiative activity on the sidewalks, in violation of the First Amendment, outside a narrowly described zone immediately near cross walks, of not more than 6 to 10 feet, and (b) enjoin Defendants Puyallup, Yamamoto and McDonald and their subordinates from proceeding to limit free speech and initiative activity on the sidewalks, through the guise of enforcement of any lawful ordinance regulating pedestrian interference, unless signature gatherers or other persons exercising free speech or initiative rights actually obstruct and block pedestrians from passing by or around the speaker or signature gatherer and the speaker or signature gatherer refuses to cease such conduct after being first issued a warning and opportunity to cease such conduct.

5.3   <u>Civil Rights</u>.  Based on the above allegations, to the extent that the Defendants' actions have violated or will result in violation of the First and Fourteenth Amendment rights to freedom of expression and freedom of assembly, Defendants actions are in violation of 42 U.S.C. § 1983 and Plaintiff is entitled to declaratory, equitable and injunctive relief, as well as nominal and actual damages for the § 1983 violations.

COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF –  P.  8 of 10

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave., Suite 1000
Seattle, WA 98101
(206) 568-0082
(206) 568-1683 FAX

1  Additionally, Plaintiff is entitled to punitive damages against the individual defendants:

2  Yamamoto, McDonald and Portmann.

3      5.4    <u>Washington Constitutional Free Speech Rights</u>.  Based on the above

4  allegations, to the extent that any and all of the Defendants activities have violated or will

5  result in violation Plaintiff's Washington Constitutional rights of Free Speech and Assembly,

6  defendants are in violation of Article I, §§ 1, 4 and 5 and Art. II, §1 (Amend. 7) of the

7  Washington Constitution.  Plaintiff is entitled to declaratory, equitable and injunctive relief

8  for the state constitutional violations.

9      WHEREFORE, Plaintiff prays for the following relief:

10      A.    Issuance of a Declaratory Judgment against Defendants

11      B.    For an Injunction against Defendants, as set forth above.

12      C.    For damages and punitive damages

13      D.    For costs and reasonable attorneys' fees under 42 U.S.C. § 1988; and

14      E.    For such other and further relief as this Court deems just and proper.

15  DATED this 14th day of May, 2018.

16      **LAW OFFICES OF**
    **FRED DIAMONDSTONE**

17

18

19

20

21      _____

22      Fred Diamondstone, WSBA No. 7138
    Attorney for Plaintiff

23

24

25

26

COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF – P. 9 of 10

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave., Suite 1000
Seattle, WA 98101
(206) 568-0082
(206) 568-1683 FAX

# DECLARATION OF SERVICE

I, Fred Diamondstone, hereby certify that I have served a true and correct copy of the foregoing *Complaint for Damages and for Injunctive Relief* upon the individual(s) listed herein by e-mail:

Joseph Beck
Puyallup City Attorney
333 South Meridian
4th Floor
Puyallup, WA 98371

☐ U.S. Mail (First Class)
☐ Facsimile
☐ Express Mail
☒ Via Email To:

jbeck@ci.puyallup.wa.us

I declare under the penalties of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED at Seattle, Washington, this 14th day of May, 2018.

Fred Diamondstone, WSBA No. 7138
Attorney for Plaintiff

COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF – P. 10 of 10

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave., Suite 1000
Seattle, WA 98101
(206) 568-0082
(206) 568-1683 FAX