UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROY RUFFINO,

                Plaintiff,

    v.

CITY OF PUYALLUP,

                Defendant.

CASE NO. C18-5381 BHS

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

    This matter comes before the Court on Defendant City of Puyallup's ("City") motion for reconsideration. Dkt. 108. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I.   BACKGROUND**

    On January 10, 2019, Plaintiff Roy Ruffino ("Ruffino") moved for partial summary judgment on his First Amendment claims challenging the City's pedestrian safety zones enforced during the Spring and Fall fairs. Dkt. 56. Also on January 10, 2019, the City renewed its previously-filed motion for partial summary judgment. Dkt. 59. On March 29, 2019, the Court granted summary judgment for the City as to content

neutrality, the City's substantial interest, the narrow tailoring of the temporal enforcement and the Blue gate's pedestrian safety zones, and the availability of ample alternatives. Dkt. 106 at 27. The Court found that "the pedestrian safety zone at the Gold gate is content neutral and in response to a substantial government interest but is not narrowly tailored" and granted Ruffino's motion for partial summary judgment "as to the pedestrian safety zone at the Gold gate." *Id*. On April 2, 2019, the City filed the instant motion for reconsideration or clarification as to the Gold gate. Dkt. 108.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rules W.D. Wash. LCR 7(h), which provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h). The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed.2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Here, the City has not presented any significant new fact or legal authority that was unavailable at the time of the summary judgment briefing.[1] The City requests that either the Court reconsider its decision that the pedestrian safety zone at the Gold gate is not narrowly tailored or clarify the parameters of its ruling on the invalidity of the zone. Dkt. 108 at 3. The Court's ruling resolved the issue of liability on the existing design of the Gold gate zone in the context of the City's failure to contest Ruffino's claim that "the entire street along 9th, west of Meridian" at the Gold gate intersection is consistently closed to vehicle traffic. Dkt. 106 at 24 (citing Dkt. 56 at 2). The Court found that "[m]odifying the zone at the Gold gate to account for the street closure is an obvious, less restrictive alternative that would allow substantially more access for speech." *Id.* at 25.

While the Court agrees with the City that aspects of the safety zone at the Gold gate appear responsive to pedestrian safety concerns, the City did not establish that its design accounted for the street closure. The Court concluded that on the available evidence, the zone was not narrowly tailored. *Id*. at 25. The City's motion for reconsideration highlights evidence, submitted in support of its motion for summary judgment but not discussed in its brief, supporting the need for pedestrian safety zones to extend west along 9th at the Gold gate. Dkt. 108 at 3–6. This evidence does not contradict the Court's finding that pedestrian safety zones west of the west crosswalk are not narrowly tailored in the context of the street closure, nor does the City explain how

---

[1] The City includes newly submitted evidence about a Starbucks coffee shop located at the intersection, Dkt. 109, but does not establish whether the City discovered the coffee shop before or after the briefing on summary judgment.

ORDER - 3

the zones function in the context of the street closure. Therefore, the Court declines to reconsider its holding on liability.

The Court understands the City's need for clarity to incorporate the Court's intent into its traffic safety plan. Dkt. 108 at 3. However, the Court's view is that the contours of narrowly tailored safety regulation at the Gold gate should be established through further briefing on a permanent injunction, which the Court expects will be filed in due course.

### III.  ORDER

Therefore, it is hereby **ORDERED** that the City's motion for reconsideration, Dkt. 108, is **DENIED**.

Dated this 4th day of April, 2019.

BENJAMIN H. SETTLE
United States District Judge